**UNITED STATES v. BRAWER.**

**No. 10884.**

United States Court of Appeals
Third Circuit.

Sept. 22, 1953.

Alford Brawer, pro se.

Grover C. Richman, Jr., Newark, N. J., and John R. Everitt, South Amboy, N. J., for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This *memorandum subsequent* is explanatory of this court's order entered on July 28, 1953 denying rehearing after we had affirmed petitioner's conviction of a crime against the United States. We make this explanation because a communication from the petitioner, now a prisoner without counsel, reveals a misunderstanding of the factual and legal situation with which this court was confronted in connection with one matter of which he complains.

On his appeal Brawer urged that one of the jurors who tried him was biased, that circumstances indicating bias were brought to the attention of the trial judge and that no sufficient corrective action was taken. We disposed of this contention by saying that we were able to find nothing about any such occurrences in the record. But in seeking rehearing, appellant urged that he had reasonably relied upon this court to discover and review all that happened in the District Court relevant to any error alleged by him.

Actually this court in connection with this appeal ordered up the entire record of the proceedings in the District Court. We decided the appeal upon what was authoritatively certified to us as the complete record. Orderly procedure dictates that we thus restrict our review to the record.

If appellant has a continuing complaint that something prejudicial occurred during the course of his trial but was not recorded, then he must in some appropriate manner prove what happened. Procedurally this can be done in the District Court by filing a motion challenging the validity of his conviction and sentence as authorized by Section 2255 of Title 28 of the United States Code and by offering proof of any matters not of record properly alleged in support of such a motion. Such proof and the findings of the District Court predicated thereon would be reviewable in this court. Thus, if the appellant believes that any of his fundamental rights have been violated in the matter of the juror, there is a way open to him to establish the facts and to have his complaint adjudicated and reviewed upon the established facts.